# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

RICHARD P. ROSS          )
                              )
        **Plaintiff,**       )
                              )
vs.                          )        **Case No. 17−cv−1074−JPG**
                              )
MONTGOMERY COUNTY SHERIFF'S  )
DEPARTMENT,             )
JIM VOZZI, and           )
KEVIN KNISLEY         )
                              )
        **Defendants.**     )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Richard P. Ross, an inmate in Graham Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that happened at the Montgomery County Jail. Plaintiff requests financial compensation. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### The Complaint

Plaintiff was incarcerated at the Montgomery County Jail from January 20, 2017 until August 1, 2017. (Doc. 1, p. 5). He was a pre-trial detainee until August 1, 2017. *Id*. During that time Kinsley and Vozzi illegally used his funds to pay for medical and hygiene expenses at the jail. *Id*. As a result of the allegedly illegal encumbrances on Plaintiff's account, he could not buy envelopes to write to his family or attorneys. *Id*.

Plaintiff was also charged $.52 per minute to make phone calls. *Id*. He alleges that the maximum the jail is permitted to charge is $.22 per minute. *Id*. The jail also added an allegedly illegal $.30 surcharge.

Plaintiff was also forced to sleep on the floor for 182 days because of overcrowding and because when he was assigned to a bunk, it was the top bunk and Plaintiff could not climb into the top bunk. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 3 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. At this time, none of the claims survive threshold review.

**Count 1 –** Vozzi and Knisley deprived Plaintiff of his Fourteenth Amendment rights under the due process clause when they encumbered his account to pay for hygiene supplies and medical expenses;

**Count 2** – Plaintiff's constitutional rights were violated when he was overcharged for phone service;

**Count 3 –** Plaintiff's Fourteenth Amendment rights were violated when he was forced to sleep on the floor due to overcrowding and medical reasons.

Plaintiff's **Count 1** is patently frivolous. It does not violate the Constitution for institutions to charge inmates a co-pay for medical care. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012). Prisons and jails cannot deny an inmate health care based on an inability to pay, but they are well within their rights to charge inmates who can afford it a modest fee in order to recoup the cost of their care. *Id.* Plaintiff has not alleged that he has a medical condition that went untreated because he could not pay for it; he has alleged that his funds were improperly taken from him. The relevant Illinois County Jail Act specifically permits a jail to recoup costs expended on detainee medical care. 730 ILCS 125/17. Plaintiff appears to believe that the Montgomery County Jail must bear responsibility for all expenditures on his behalf, but that position is squarely foreclosed by the relevant state statutes and case law.

The Seventh Circuit has also found that hygiene, like health care, is a fundamental right that officials must provide for inmates. *Board v. Farnham*, 394 F.3d 469, 482 (7th Cir. 2005). However, the Court is aware of no case that establishes that a jail or prison must provide hygiene items free of charge, and several cases have explicitly rejected this position. *Hoskins v. Murrel*, No. 13-cv-3090, 2013 WL 2102133 at *2 (C.D. Ill May 14, 2013) (citing *Poole*, 703 F.3d at 1027); *Parker-Bey v. Roth*, No. 90 C 2983, 1993 WL 390173 at *2 (N.D. Ill. October 1, 1993); *Young v. Ballis*, 762 F.Supp. 823, 830 (S.D. Ind. 1990) (system where inmates' families and friends provided hygiene items did not offend the constitution). Moreover, Illinois state statutes permit jails to recoup costs for expenses incurred from incarceration. 730 ILCS 125/20. Plaintiff has not alleged that he was actually deprived of hygiene items at any time; his only allegation was that he had to pay for them. This is analogous to the medical co-pay requirement. Although deprivations of hygiene items may offend the Constitution, nothing compels the state to bear the full financial cost of that burden as to inmates with sufficient funds. As no case law establishes that an inmate is entitled to free hygiene supplies, Plaintiff's claim fails. **Count 1** will be dismissed with prejudice as legally frivolous.

In **Count 2**, Plaintiff has alleged both that the rates for phone calls from the jail are too high, and that the jail tacked on an improper surcharge. Plaintiff has provided no support for his proposition that the charges on calls cannot exceed $.22 per minute. The relevant state regulations do not specify how much county jails can charge for phone calls, other than to state that: "detainees may be required to bear the expense of any telephone calls they make or to place only collect calls." 20 Ill. Adm. Code 701.190 (d). The Court is certainly not aware of any federal regulation or state statute that caps the limit county jails can charge for phone calls. More to the point, the Seventh Circuit has held that that telephone rates, even exorbitant rates, do

not violate the First Amendment. *Arsberry v. Illinois*, 244 F.3d 558, 564 (7th Cir. 2001). *Arsberry* also foreclosed relief based on telephone rates under the Takings Clause or the Due Process clause. *Id*. at 564-66. Plaintiff has no constitutional claim based on the rate for telephone service; therefore **Count 2** will be dismissed with prejudice as legally frivolous.

**Count 3** will be dismissed without prejudice for failure to state a claim. Plaintiff's Complaint indicates that he was a pre-trial detainee at the time of the relevant events. While the Eighth Amendment prohibits cruel and unusual punishment meted out against those convicted of crimes, the Due Process Clause of the Fourteenth Amendment prohibits *any* punishment against a pretrial detainee. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015); *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)). A condition of confinement imposed on a pre-trial detainee satisfies the Constitution when it is reasonably related to a legitimate and non-punitive governmental goal. *Antonelli*, 81 F.3d. at 1427-28. However, there is little practicable difference between the Eighth and Fourteenth Amendment standards, and it is not err to apply the standards interchangeably. *Smith*, 803 F.3d at 310.

Plaintiff alleges that he was forced to sleep on the floor for 182 days, partially due to overcrowding, and partially because he could not climb to his assigned top bunk. In a case involving conditions of confinement in a prison or jail, 2 elements are required to establish constitutional violations. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element—establishing a defendant's culpable state of mind. *Id.*

With respect to the first element, not all prison conditions trigger constitutional scrutiny—only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987). Mere discomfort and inconvenience do not implicate the Constitution. *See Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986).

Plaintiff has not adequately alleged that he was deprived of a basic human need. It may have been uncomfortable for him to sleep on the floor, but the Constitution does not mandate comfortable prisons. *Tesch v. County of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998); *see also Antonelli*, 81 F.3d at 1430 (concluding sleeping on the floor without a mattress for a single night is not punishment); *Powell v. Cook County Jail*, 814 F.Supp. 757, 759 (N.D. Ill. 1993) (holding that the Constitution is indifferent as to whether the mattress is on the floor or the bed). Plaintiff has not alleged that he was made to sleep on the floor as a punitive measure, nor has he alleged that any doctor determined that he should have a low bunk permit. Additionally, while Plaintiff has alleged that he slept on the floor for a significant length of time, he has failed to allege that he was harmed. Without a plausible allegation of harm, Plaintiff has not adequately alleged that he was deprived of a basic human need. Section 1983 is a tort statute, so plaintiff must have suffered a harm to have a cognizable claim. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009); *Doe v. Welborn,* 110 F.3d 520, 523 (7th Cir.1997).

Plaintiff has also failed to adequately allege the subjective component of a conditions of confinement claim. Plaintiff does not mention any of the Defendants in connection with his claim about sleeping on the floor. He does not allege that he complained to any of the Defendants about sleeping on the floor, or that they were otherwise aware of the situation. Without an allegation that any defendant had knowledge, it is not plausible that any defendant was actually deliberately indifferent to Plaintiff's situation. For the above reasons, **Count 3** will be dismissed without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that **Count 1 and 2** are **DISMISSED with prejudice** as legally frivolous. **Count 3** is **DISMISSED without prejudice** for failure to state a claim.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support the conditions of confinement claim in Count 3 (on or before December 6, 2017). An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: November 7, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**